UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DALILA GONZALEZ,

                                  Plaintiff,

-against-

CORRECTIONS OFFICER HUNT;
CORRECTIONS OFFICER PEREZ;
CORRECTIONS SERGEANT MURRAY,

                                  Defendants.

**ORDER OF SERVICE**

25-CV-01548 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

      Plaintiff Dalila Gonzalez,[1] who is currently incarcerated in the Bedford Hills Correctional Facility, brings this action *pro se* and *in forma pauperis*, asserting claims of federal constitutional violations under 42 U.S.C. § 1983 against: (1) Correctional Officer Hunt; (2) Correctional Officer Perez; and (3) Correctional Sergeant Murray. (Doc. 4). By order dated April 2, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] (Doc. 9).

      The Court directs service on the defendants, directs their compliance with Local Civil Rule 33.2, and denies Plaintiff's application for the court to request counsel pursuant to 18 U.S.C. § 3006A(g) without prejudice to his filing a proper application for the court to request *pro bono* counsel at a later date.

---

[1] Plaintiff is a transgender male who uses male pronouns.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

A.    <u>Service on the Defendants</u>

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the defendants through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of the defendants. The Clerk of Court is further instructed to issue a summons for each of the defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on each of the defendants.

If the complaint is not served on each of the defendants within 90 days after the date the summonses for the defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

---

[3]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve the defendants until 90 days after the date that any summonses for the defendants issue.

B.       Local Civil Rule 33.2

Local Civil Rule 33.2, which requires particular defendants in certain types of prisoner actions to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of service of a summons and the complaint, the defendants must serve responses to those standard discovery requests. In their responses, the defendants must quote each request verbatim.[4]

C.       Plaintiff's Application for the Court to Request Counsel Pursuant to 18 U.S.C. § 3006A(g)

The court must deny, at this time, Plaintiff's application for the court to request counsel pursuant to 18 U.S.C. § 3006A(g). (*See* Doc. 3). Plaintiff asks that this Court request *pro bono* counsel to represent him in this action, but he does so by filing a form application for litigants asking the court to request counsel to represent them in *habeas corpus* matters or in matters brought under 28 U.S.C. § 2255. While this action is neither of those types of matters, the Court will construe Plaintiff's *pro se* application as properly brought, in which Plaintiff asks this Court to request that *pro bono* counsel represent him in this Section 1983 action.

The factors to be considered in ruling on an indigent litigant's request for *pro bono* counsel include the merits of the case, his efforts to obtain a lawyer, and his ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because

---

[4] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

it is too early in the proceedings for the Court to assess the merits of this action, the Court denies Plaintiff's application without prejudice to his filing a proper application for the court to request *pro bono* counsel at a later date.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is further instructed to: (1) issue summonses for the defendants; (2) complete USM-285 forms for the defendants; and (3) deliver all documents necessary to effect service of a summons and the complaint on each defendant to the USMS.

The Court further directs the defendants to comply with Local Civil Rule 33.2 within 120 days of the date of service of summonses and the complaint.

The Court denies Plaintiff's application for the court to request counsel pursuant to 18 U.S.C. § 3006A(g) (Doc. 3) without prejudice to his filing a proper application for the court to request *pro bono* counsel at a later date.[5] The Clerk of Court is respectfully directed to terminate the application pending at Doc. 3.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   White Plains, New York
         May 15, 2025

                                                         _____
                                                         PHILIP M. HALPERN
                                                         United States District Judge

---

[5] Such an application form is attached to this Order.

**SERVICE ADDRESSES FOR DEFENDANTS**

1. Correctional Officer Hunt
   Bedford Hills Correctional Facility
   247 Harris Road
   Bedford Hills, New York 10507-2400

2. Correctional Officer Perez
   Bedford Hills Correctional Facility
   247 Harris Road
   Bedford Hills, New York 10507-2400

3. Correctional Sergeant Murray
   Bedford Hills Correctional Facility
   247 Harris Road
   Bedford Hills, New York 10507-2400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

(List the full name(s) of the defendant(s)/respondent(s).)

_____CV_____ (_____) (_____)

**Application for the Court to Request Pro Bono Counsel**

I ask the Court to request a pro bono attorney to represent me in this action.

1. Have you previously filed a "Request to Proceed in Forma Pauperis" (an IFP application)? Please check the appropriate box below:

    ☐ I have previously filed an IFP application in this case, and it is a true and correct representation of my current financial status.

    ☐ I have not previously filed an IFP application in this case and now attach an original IFP application showing my financial status.

    ☐ I have previously filed an IFP application in this case, but my financial status has changed. I have attached a new IFP application showing my current financial status.

2. Explain why you need an attorney in this case. (Please note that requests for pro bono counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case.)

_____

_____

_____

**PRO SE INTAKE WINDOW LOCATIONS:**
40 FOLEY SQUARE | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601

**MAILING ADDRESS:**
500 PEARL STREET | NEW YORK, NY 10007
PRO SE INTAKE UNIT: 212-805-0136

Rev. 4/14/2021

3. Explain what steps you have taken to find an attorney. (Please identify the lawyers, law firms or legal clinics you have contacted and their responses to your requests. If you have limited access to telephone, mail, or other communication methods, or if you otherwise have had difficulty contacting attorneys, please explain.)

_____

_____

_____

_____

4. If you speak a language other than English, state the language: _____. (The Court may not be able to find a volunteer attorney who speaks your language.)

I understand that if an attorney volunteers to represent me and learns that I can afford to pay for an attorney, the attorney may give this information to the Court.

I understand that even if the Court grants this application, there is no guarantee that an attorney will volunteer to represent me.

_____       _____
Date                                                                         Signature

_____       _____
Name (Last, First, MI)                                           Prison Identification # (if incarcerated)

_____       _____
Address                              City                           State           Zip Code

_____       _____
Telephone Number                                             E-mail Address (if available)


**Click Here to Save**

2