**Office of the New York State**
**Attorney General**

The issues raised by Defendants' counsel in Doc. 37 will be addressed at the April 20, 2026 initial conference, which will proceed as previously scheduled (*see* Doc. 33).

The Clerk of Court is respectfully requested to terminate the letter motion pending at Doc. 37 and mail a copy of this Order to Plaintiff.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
April 8, 2026

Honorable Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:    Gonzalez v. Hunt, 25-cv-1548

Dear Judge Halpern:

Pursuant to Your Honor's Individual Rules 1(B) Defendants respectfully submits this letter-motion requesting (1) leave to file a late Answer on behalf of Defendant Alex Perez, who remains Active Duty in the military and deployed.

This Office represents defendants Terrance Murray and Alex Perez, in the above-captioned action, a pro se prisoner civil rights matter brought pursuant to 42 U.S.C. § 1983. This letter-motion respectfully requests: (1) leave to file a late answer of defendant Alex Perez; and (2) a stay of all further proceedings as to defendant Alex Perez during the pendency of his active military service, pursuant to the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3932.

By way of relevant background, plaintiff filed the complaint on February 21, 2025 (Doc. 4). This Office filed a Notice of Appearance on January 20, 2026 (Doc. 27) on behalf of Alex Perez. On that same date, Defendant Perez filed their first request for an extension of time to answer (Doc. 28), which the Court granted (Doc. 29), extending the answer deadline to February 13, 2026 and adjourning the initial conference from February 3, 2026 to February 13, 2026. Defendants thereafter filed a second request for an extension (Doc. 31), which the Court granted by Order dated February 24, 2026 (Doc. 33), setting the answer deadline as March 30, 2026 and adjourning the initial conference to April 20, 2026. Defendant Terrance Murray filed an Answer (Doc. 25). The answer of defendant Alex Perez was not filed by March 30, 2026 as ordered. The undersigned candidly acknowledges this failure and takes full responsibility for the missed deadline.

The inability of this Office to timely file an answer on behalf of defendant Alex Perez is directly attributable to his active military service. Defendant Alex Perez is presently on active duty with the New York Air National Guard and has been continuously since August 13, 2025 — more than two months before this Office appeared in this action and nearly five months before the first extended answer deadline. His active-duty status has been confirmed through the Department of Defense SCRA Database, and this Office is in possession of a Certificate of Active Duty Status

Hon. Philip M. Halpern
Gonzalez v. Hunt, 25-cv-1548
Page 2

reflecting continuous active-duty service from August 13, 2025 to the present. A copy of that Certificate is attached hereto as Exhibit A. Critically, although the complaint was filed on February 21, 2025, defendant Alex Perez was not served until after he had already entered active military service on August 13, 2025. Defendant Perez has therefore had no civilian window in which to participate in his own defense at any stage of this litigation.

The SCRA mandates that, upon application by counsel for a servicemember defendant, a court shall grant a stay of proceedings for no less than ninety days where the servicemember's ability to defend is materially affected by active-duty service, or where counsel, after due diligence, has been unable to contact the servicemember or determine whether a meritorious defense exists. 50 U.S.C. § 3932(b)(1). The SCRA further authorizes the Court to grant additional or longer stays in its discretion, and to issue such orders as are necessary to protect the servicemember's rights. 50 U.S.C. § 3932(d). Because defendant Alex Perez has been on continuous active-duty servie since before this Office appeared, and because he has been unable to review the allegations against him, assist in preparing a defense, or provide the factual information necessary to formulate complete affirmative defenses, the statutory predicate for a mandatory stay is satisfied.

With respect to the request for leave to file the answer nunc pro tunc, this Court has authority under Federal Rule of Civil Procedure 6(b)(1)(B) to extend an expired deadline upon a showing of excusable neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The relevant factors include the reason for the delay, the length of the delay, its effect on judicial proceedings, and the good faith of the party seeking relief; all factors favor granting relief here. Plaintiff, who is pro se and incarcerated, has suffered no prejudice from the delay, and the initial conference is not until April 20, 2026. The failure to seek a further extension before March 30, 2026 was an administrative oversight, not a strategic act.

Defendants respectfully requests that any stay of proceedings be limited to defendant Alex Perez only. Proceedings as to defendant Terrance Murray, who has answered, should continue in the ordinary course. With respect to the initial conference scheduled for April 20, 2026, this Office respectfully requests that the Court either: (a) adjourn the conference as to all defendants until defendant Alex Perez's active-duty status has changed and a revised schedule can be established; or (b) permit the conference to proceed as to defendant Terrance Murray only, with a separate scheduling conference for defendant Alex Perez to be held following the conclusion of his military service. Defendants further requests that any stay remain in effect for the full duration of defendant Alex Perez's active-duty service and for such additional period as the Court deems necessary to protect his rights under 50 U.S.C. § 3932.

Pursuant to the Court's Individual Practices Rule 1(C), this Office respectfully provides the following information: (1) the original answer deadline was February 13, 2026; (2) the reason for this request is defendant Alex Perez's active military service and the administrative failure to seek a further extension in advance of the March 30, 2026 deadline; (3) this is the third request for an extension of the answer deadline as to defendant Alex Perez; (4) the Court granted both prior requests (Docs. 29, 33); and (5) plaintiff is pro se and incarcerated. Given the exigency of filing this letter as promptly as possible following the missed deadline, this Office has been unable to obtain plaintiff's consent in advance of filing. A copy of this letter-motion will be sent to plaintiff by first class mail simultaneously with its ECF filing.

Hon. Philip M. Halpern
Gonzalez v. Hunt, 25-cv-1548
Page 3

For the foregoing reasons, this Office respectfully requests that the Court: (1) grant leave to file the answer of defendant Alex Perez; (2) stay all proceedings as to defendant Alex Perez pursuant to 50 U.S.C. § 3932 for a minimum of ninety days, or for the duration of his active-duty service, whichever period is longer; and (3) adjourn the April 20, 2026 initial conference, or in the alternative direct that the conference proceed only as to defendant Terrance Murray, with a separate conference to be scheduled following the conclusion of defendant Alex Perez's active military service.

Respectfully submitted,

Elizabeth Barbanes
Assistant Attorney General
(914) 422-8765
Elizabeth.Barbanes@ag.ny.gov

cc:    Dalila Gonzalez DIN: 23G0060
       Plaintiff pro se
       Bedford Hills Correctional Facility
       247 Harris Road, P.O. Box 1000
       Bedford Hills, New York 10507